UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
SHANTURAH BRATHWAITE

       Plaintiff,                                Case No.: 1:18-cv-00404

           -*against*-

                                         **VERIFIED COMPLAINT**

THE NEW YORK CITY POLICE DEPARTMENT *in its official capacity* and JOHN DOES 1-10 *in their individual and official capacities*                        **JURY TRIAL DEMANDED**

       Defendant,
_____X

     Plaintiff, SHANTURAH BRATHWAITE, through her attorney, Keith White, PLLC, as and for her complaint against the NEW YORK CITY POLICE DEPARTMENT and JOHN DOES 1-10 alleges as follows:

## INTRODUCTORY STATEMENT

     1.     This is a cause of action in which Plaintiff alleges that she was subjected to unlawful racial and sexual discrimination, including without limitation, a hostile work environment, disparate treatment and illegal retaliation by the defendants in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* ("Title VII") as well as various New York State and City Human Rights Laws. Plaintiff further alleges that Defendant THE NEW YORK CITY POLICE DEPARTMENT bears vicarious liability for the acts of its JOHN DOE employees for reasons including, but not limited to, its failure to supervise its employees and its failure to have in place policies and procedures for preventing sexual and racial discrimination, a hostile work environment and harassment.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title VII and 42 U.S.C.A. § 2000e-5(f) and under the Court's pendant jurisdiction to hear claims arising under State and local law.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) and Title VII, and 42 U.S.C.A. § 2000e-5(f) as the Plaintiff resides within the district and Defendant maintains offices throughout the district.

4. It is respectfully requested that the Court assume supplemental jurisdiction over claims alleged to be in violation of the NYS Human Rights Law and the New York City Human Rights Law that are so related to Plaintiff's Title VII and Sections 1981 and 1983 claims as to form part of the same case or controversy under Article III of the United States Constitution.

5. The assumption of supplemental jurisdiction by the Court is authorized by 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff is an African-American female and resident of Kings County, New York. Plaintiff is also a Police Officer at THE NEW YORK CITY POLICE DEPARTMENT. Plaintiff has been employed by THE NEW YORK CITY POLICE DEPARTMENT since July 11, 2005.

7. Plaintiff is an "employee" of THE NEW YORK CITY POLICE DEPARTMENT, within the meaning of 42 U.S.C. § 2000e and thus afforded protection against racial and sexual discrimination, harassment and retaliation.

8. Defendant THE NEW YORK CITY POLICE DEPARTMENT (NYPD) is an employer within the meaning of Title VII, as it is an agency of the City of New York with more

than 500 employees doing business in the Eastern District and the State of New York. Defendant NYPD also maintains a business in an office at 1 Police Plaza, New York, NY 10038.

9. Defendants "John Does" 1 - 10 are individuals whose identities are currently unknown, but who have infringed Plaintiff's federal and state rights in direct violation and contravention of 42 U.S.C. §§ 1981 *et seq.* and 42 U.S.C. §§ 1983 *et seq.* The identity of these individuals will become known with discovery.

10. At all relevant times herein, Defendants John Does were in a position to retaliate against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

**STATEMENT OF FACTS**

11. At all times relevant herein, Defendant NYPD was and still is Plaintiff's employer.

12. Plaintiff became an employee of Defendant NYPD in July of 2005.

13. Upon Plaintiff's hiring, Plaintiff was assigned to various precincts in New York City.

14. Plaintiff performed her job competently and professionally.

15. Plaintiff is married to Russ Smith, Sr. (Smith), an entrepreneur and community leader in Harlem, New York City. To whit, Smith owns a barbershop within the confines of the 32nd Precinct and coordinates community events where the local 32nd precinct of the NYPD fellowship with one another.

16. On May 5, 2015 Plaintiff was assigned to the 32nd precinct in Harlem and working an overtime shift.

17. On May 5, 2015 Smith was approached by two officers within the confines of the 32nd precinct and accused of obstruction of governmental administration. Smith was eventually

arrested by these same officers and accused of assaulting an officer, resisting arrest and other charges.

18. Since Plaintiff was working within the confines of the 32nd precinct and in the passenger seat of a vehicle driven by a supervisor when Smith was arrested, Plaintiff was one of several additional officers who responded to the scene of Smith's arrest.

19. Upon arriving at the scene of Smith's arrest, Plaintiff was directed by a supervising officer to leave the scene of the arrest and return to the 32nd precinct to await further instructions. Plaintiff followed these directions and returned to the 32nd precinct as directed.

20. Upon returning to the 32nd precinct on May 5, 2015, Plaintiff waited several hours for instructions and then signed out of work at approximately 11pm when directed to by Plaintiff's commanding officer.

21. Several months later, based on her exemplary and professional work performance, Plaintiff was promoted to the Internal Affairs Bureau of the NYPD and placed on an 18-month track to be promoted to Detective.

22. On approximately October 19, 2016, the Plaintiff reported to NYPD investigators that Smith was falsely arrested, racially profiled and unlawfully discriminated against by the NYPD. Plaintiff also reported that Plaintiff was isolated and discriminated against in the workplace on May 5, 2015.

23. Subsequently, the charges against Smith from the evening of May 5, 2015 were dismissed. Smith retained counsel with the intention of suing the NYPD for discrimination, false arrest, excessive force and other charges.

24. Upon information and belief, JOHN DOES agents, servants or employees of the NYPD were angry about Smith's case being dismissed and decided to retaliate against Plaintiff because Plaintiff is married to Smith.

25. Subsequently, the Plaintiff was demoted from the Internal Affairs Bureau, transferred to the 42nd precinct and taken off track to be promoted to Detective. Additionally, Plaintiff became the subject of baseless investigations and meritless departmental charges.

26. To whit, NYPD charged Plaintiff with failure to safeguard a police placard although NYPD has never observed or accused Plaintiff of losing or misplacing her police placard and NYPD has never observed Plaintiff's police placard outside of Plaintiff's vehicle. Additionally, NYPD has charged Plaintiff with leaving her post and not working overtime on May 5, 2015 although all of the sworn statements taken from NYPD employees support a narrative indicating that Plaintiff followed direct orders from Plaintiff's supervisors and there is no evidence to dispute Plaintiff's contention that Plaintiff worked her overtime shift. Further, NYPD has charged Plaintiff with prejudicial conduct on May 5, 2015 although all sworn statements taken from NYPD employees present on May 5, 2015 support the narrative that Plaintiff arrived after the arrest of Smith and did not interfere with the arrest or investigation.

27. Now Plaintiff, a black female, has been demoted and faces departmental disciplinary charges for wholly unsubstantiated claims because her husband, Smith, was falsely arrested and is filing discrimination claims against the NYPD.

28. Conversely, upon information and belief, no white or male officer of NYPD has ever faced departmental charges for failure to safeguard a placard that was not lost, stolen and simply remained in the subject officer's vehicle.

29. Upon information and belief, no white or male officer of NYPD has ever faced departmental charges for not working overtime when no evidence has been introduced or deduced to indicate the contrary.

30. Upon information and belief, no white or male officer of NYPD has ever faced departmental charges for prejudicial conduct when there has been no evidence deduced or introduced to establish said charge.

31. Upon information and belief, Defendant NYPD and it's Defendant John Does used Plaintiff's race and sex as the motivating factor in their filing and sustaining baseless charges against Plaintiff.

32. Additionally, upon information and belief, Defendant NYPD and it's Defendant John Does used Plaintiff's race and sex as the motivating factor in their failure to recommend Plaintiff for promotion and/or to promote Plaintiff to Detective.

33. The aforementioned acts and conduct by Defendants and/or it's agents, servants or employees were performed with malice and reckless indifference to Plaintiff's protected civil rights.

34. The aforementioned acts and conduct by Defendants, their agents, servants and/or employees were intentional, willful, wanton, malicious and outrageous.

35. This pattern of racial and sexual discriminatory conduct by NYPD is so rampant and blatant that supervising officers of the NYPD are afraid to confront the culture of racism, sexism and retaliation.

36. To whit, in an effort to retaliate against Plaintiff, Defendant NYPD and John Does opened up an investigation into Deputy Inspector Michael Davidson (Davidson), an African American high ranking police official with no personal relationship to Plaintiff or Smith.

However, because Davidson is African American and was the commanding officer of the 32nd precinct on May 5, 2015, NYPD and John Does subpoenaed the phone records and all background information on Plaintiff, Smith and Davidson in an attempt to build a case for departmental charges against Davidson. Davidson was eventually transferred from the 32nd precinct and replaced with a white commanding officer.

37. Upon information and belief, African American supervisors who attempt to eliminate discrimination within their Commands are made the subject of Internal Affairs charges by other officers, are disobeyed with impunity by their subordinates, and at the most extreme, are placed in physical danger by their subordinates. Thus, the disciplinary system is part and parcel of the pattern and practice of discrimination and the preservation of that pattern and practice within the NYPD.

38. Upon information and belief, the entire investigation and disciplinary system within the NYPD is a mechanism through which discrimination based on color, sex, race and national origin is perpetuated rather than exposed and eradicated.

39. Upon information and belief, African American officers comprise less than 20% of the uniformed NYPD, yet more than 20% of all formal disciplinary charges brought by the NYPD involve African American uniformed officers.

40. While this may sees like a new phenomenon, the disparate treatment of women and African Americans by the NYPD has a long historical context. Upon information and belief, during the period of 1987 through 1996, Caucasian officers were disciplined at an average rate of 25.8 per 1,000 while all minority officers' rate was 42.7 per 1000.

41. When broken down, upon information and belief, Caucasian male officers were disciplined at an average rate of 26.5 per 1,000 while African American male officers rate was

53.5 and the African American female rate was 38.9 per 1,000 compared to the Caucasian female rate of 19.4 per 1,000.

42. This divergence in discipline is both disparate treatment as it is intentional, and has a disparate impact. Thus, the disciplinary procedure has an intentional adverse affect on Plaintiff and obviously Plaintiff's spouse, Smith.

43. At all times material to this action, Defendant has acted under color or custom or usage of law and continues to so act.

44. Defendant has discriminated against Plaintiff on the basis of her race and sex.

45. This pattern of racially discriminatory conduct has continued in the face of Plaintiff throughout her employment.

46. Plaintiff notices that while employed at NYPD, when black employees of NYPD are charged or accused with the same conduct as similarly situated white employees of NYPD, black employees of NYPD are dealt much harsher disciplinary consequences.

47. While Plaintiff is presently facing disciplinary actions from Defendant NYPD, Plaintiff maintains that these disciplinary actions were the result of NYPD's attempt to create a racially hostile work environment for black employees. This is evidenced by the many various cases of black employees being disciplined by NYPD and necessitating the hiring of independent counsel to have their grievances remedied.

48. This pattern of inequity and racial discrimination is the culture fostered and encouraged by NYPD.

49. In August of 2017 Plaintiff sent a request to the Equal Employment Opportunity Commission (EEOC) to formally file Sex and Racial Discrimination Charges against THE NEW YORK CITY POLICE DEPARTMENT.

50. On October 23, 2017, the EEOC issued a Right-to-Sue letter (Attached hereto as Exhibit A) in this matter.

51. This action is timely commenced within the ninety (90) day statutory period in which a Plaintiff in possession of a Right-to-Sue letter may bring an action.

## AS FOR A FIRST CAUSE OF ACTION

**(Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)**

52. The foregoing paragraphs are realleged and incorporated by reference herein.

53. The conduct of the defendants as alleged at length herein constitutes racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

54. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A SECOND CAUSE OF ACTION

**(Sexual Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)**

55. The foregoing paragraphs are realleged and incorporated by reference herein.

56. The conduct of the defendants as alleged at length herein constitutes sexual discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A THIRD CAUSE OF ACTION

### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981)

45. The foregoing paragraphs are realleged and incorporated by reference herein.

57. The conduct of the Defendants as alleged at length herein, including but not limited to their attempts to discredit and intimidate Plaintiff, constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

58. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

## AS FOR A FOURTH CAUSE OF ACTION

### (Violation of New York State Human Rights Law § 296)

59. The foregoing paragraphs are realleged and incorporated by reference herein.

60. The Defendants' conduct as alleged at length herein, including but not limited to acts that contributed to the creation of a hostile work environment constitute violations of New York State Human Rights Law § 296.

61. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York State Human Rights Law § 296 causing him to suffer economic damages.

### AS FOR A FIFTH CAUSE OF ACTION

**(Violation of New York City Human Rights Law § 8-107)**

62. The foregoing paragraphs are realleged and incorporated by reference herein.

63. The conduct of the Defendants as alleged at length herein, constitutes violations of New York City Human Rights Law § 8-107.

64. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York City Human Rights Law § 8-107.

65. As a result of Defendants' conduct, the Plaintiff is entitled to monetary and punitive damages.

### AS FOR A SIXTH CAUSE OF ACTION

**(Plaintiff deprived of her rights under the Thirteenth Amendment to the Constitution of the United States as protected by 42 U.S.C. § 1981)**

66. The foregoing paragraphs are realleged and incorporated by reference herein.

67. The discriminatory conduct of the defendants was so widespread, permanent and well-settled so as to constitute the official policy, practice or custom of the Defendant NYPD.

68. Defendant NYPD, acting under color of law and pursuant to their official policy, practice or custom, intentionally, knowingly and/or with deliberate indifference for the rights of

Plaintiff, discriminated against her when they filed and sustained frivolous charges against Plaintiff and failed to promote Plaintiff to Detective on the basis of her race and sex.

69. As a direct and proximate cause of the Defendant NYPD acts' set forth herein, Plaintiff was deprived of her rights under the Thirteenth Amendment to the Constitution of the United States as protected by 42 U.S.C. § 1981.

70. As a direct and proximate result of Defendant NYPD as set forth herein, Plaintiff suffered loss of income and benefits as well as emotional distress and mental anguish.

71. The acts of Defendants as set forth herein violated 42 U.S.C. § 1981. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

**AS FOR A SEVENTH CAUSE OF ACTION**

**(Plaintiff deprived of her rights under the Fourteenth Amendment to the Constitution of the United States as protected by 42 U.S.C. § 1983)**

72. The foregoing paragraphs are realleged and incorporated by reference herein.

73. The discriminatory conduct of the defendants was so widespread, permanent and well-settled so as to constitute the official policy, practice or custom of the Defendant NYPD.

74. Defendant NYPD, acting under color of law and pursuant to their official policy, practice or custom, intentionally, knowingly and/or with deliberate indifference for the rights of Plaintiff, discriminated against her when they filed and sustained frivolous charges against Plaintiff and failed to promote Plaintiff to Detective on the basis of her race and sex.

75.     As a direct and proximate cause of the Defendant NYPD acts' set forth herein, Plaintiff was deprived of her rights under the Fourteenth Amendment to the Constitution of the United States as protected by 42 U.S.C. § 1983.

76.     As a direct and proximate result of Defendant NYPD as set forth herein, Plaintiff suffered loss of income and benefits as well as emotional distress and mental anguish.

77.     The acts of Defendants as set forth herein violated 42 U.S.C. § 1983. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

**WHEREFORE**, the Plaintiff SHANTURAH BRATHWAITE requests that this Court enter judgment against the Defendants ordering the individual defendants to compensate Plaintiff for the racial discrimination, harassment and hostile work environment that she was forced to endure; ordering the individual defendants to compensate Plaintiff for their illegal retaliation against her; granting any injunctive relief as may be appropriate; awarding Plaintiff costs and reasonable attorneys' fees; and directing such other and further relief as the Court may deem proper.

Dated: January 18, 2018

Brooklyn, NY                                By:     /s/ Keith White_____

KEITH WHITE, PLLC
*Attorneys for Plaintiff*
SHANTURAH BRATHWAITE
198A Rogers Avenue
Brooklyn, NY 11225
718-403-9261